UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SM 10000 PROPERTY, LLC, et al., | Case No. 19-cv-03054-PJH (LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, | Re: ECF No. 55 |
| Defendant. | |

This case involves the extent of Allianz's responsibility under the parties' insurance contract for the delay that resulted from an accident at the plaintiffs' construction contract.[1] The parties have three disputes: (1) whether the attorney-client privilege protects withheld documents reflecting advice from outside counsel about Allianz's obligations under the policy; (2) whether the privilege extends to internal communications that do not include a lawyer; and (3) whether the privilege log adequately establishes that Allianz can withhold documents as confidential and proprietary.[2] The court can decide the matter without oral argument. Civ. L. R. 7-1(b).

---

[1] Compl. – ECF No. 1-1 at 33 (¶ 8), 35–36 (¶¶ 14–16); Discovery Order – ECF No. 48 at 1. Citations refer to material in the Electronic Ce File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 55.

ORDER – No. 19-cv-03054-PJH (LB)

First, the case is in federal court predicated on diversity jurisdiction, and state law applies: "Pursuant to Federal Rule of Evidence 501, attorney-client issues in diversity cases are substantive and thus controlled by the forum state's law." *Great Am. Assur. Co. v. Liberty Surplus Ins. Co.*, 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009). The communications are privileged because Allianz's lawyers were giving legal advice regarding Allianz's insurance obligations. *Aetna Cas. & Sur. Co. v. Super. Ct.*, 153 Cal. App. 3d 467, 476 (1984). "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 733 (2009) (citation omitted). "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Id.* (citing Cal. Evid. Code § 917(a); other citation omitted). Allianz has met its burden. Nothing supports the plaintiffs' contention that outside counsel acted as insurance adjusters, not lawyers.[3]

Second, the internal communications conveying attorney advice are privileged. *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 444 (N.D. Cal. 2010) (relevant inquiry in determining privilege over communications between non-attorney corporate employees is "whether: 1) the communication was within the scope of the employee's corporate duties; and 2) the employee was aware that the communication was made in order to enable [corporation]'s attorneys to provide legal advice to the corporation and understood that the audit to which the communication related was to be treated as confidential").

Third, the plaintiffs challenge Allianz's withholding of "dozens" of documents as confidential, proprietary, and irrelevant.[4] Absent burden, relevance is not a sufficient basis for resisting production. On this record, the court cannot evaluate Allianz's claim of confidentiality or proprietary information. It claims that the withheld information is "vendor tax information, other

---

[3] *See id.* at 1–2.

[4] *Id.* at 3.

claims and the like," and it cites *Flintkote Co. v. Gen. Acc. Assur. Co. of Canada*, No. C 04-01827 MHP, 2009 WL 1457974, at *5–6 (N.D. Cal. May 26, 2009), for the assertion that reinsurance information is confidential and appropriately withheld.[5] In a case like this, where reserves and reinsurance information do not alter the parties' contractual obligations, generally the court would not allow the discovery. That said, the court has only page one of the privilege log with one redaction about subrogation. The court asks Allianz to evaluate its privilege log about whether its claimed basis for privilege for the "dozens" of entries provides a sufficient record for the court to evaluate Allianz's claims of confidentiality and proprietary information. If the log is not sufficient, Allianz must revise its privilege log to include the appropriate amount of detail. If the parties have a dispute about the sufficiency of the privilege log and the appropriateness of withholding information, they must submit either representative entries from the privilege log or, at minimum, a log that contains only the claims of confidentiality and proprietary information.

This disposes of ECF No. 55.

**IT IS SO ORDERED.**

Dated: October 13, 2020

LAUREL BEELER
United States Magistrate Judge

---

[5] *Id.* at 5.