# EXHIBIT A

```
 1               UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                         --oOo--
 4
 5     SM 10000 PROPERTY, LLC, a Delaware  )
       limited liability company and       )
 6     SWINERTON BUILDERS, a California    )
       Corporation,                        )
 7                                         )
              Plaintiffs,                  )
 8                                         )
         vs.                               )CASE No.:
 9                                         )19-cv-03054-PJH
       ALLIANZ GLOBAL RISKS US INSURANCE   )
10     COMPANY and DOES 1 through 10,      )
                                           )
11            Defendants.                  )
12
13        VIDEOTAPED REMOTE VIDEO-CONFERENCE DEPOSITION OF:
14                      KEITH DANCEY
15                THURSDAY, AUGUST 27, 2020
16                  9:06 A.M. - 6:10 P.M.
17
18
19
20
21     REPORTED BY:
22     AMY P. SMITH
23     CSR #12154
24
25     Job No. 4231029

                                                   Page 1
```

```
 1                UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3                          --oOo--
 4
 5   SM 10000 PROPERTY, LLC, a Delaware    )
     limited liability company and         )
 6   SWINERTON BUILDERS, a California      )
     Corporation,                          )
 7                                         )
             Plaintiffs,                   )
 8                                         )
         vs.                               )CASE No.:
 9                                         )19-cv-03054-PJH
     ALLIANZ GLOBAL RISKS US INSURANCE     )
10   COMPANY and DOES 1 through 10,        )
                                           )
11           Defendants.                   )
12
13      Remote video-conference deposition of KEITH DANCEY,
14   taken on behalf of the Defendants, beginning at
15   9:06 a.m. and ending at 6:10 p.m., on Thursday,
16   August 27, 2020, before Amy P. Smith, CSR No. 12154, a
17   Certified Shorthand Reporter within and for the State of
18   California.
19
20                          --oOo--
21
22
23
24
25
```

```
 1                A P P E A R A N C E S
 2             (ALL PARTIES APPEARED REMOTELY)
 3
 4   FOR THE PLAINTIFFS:
 5       ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS, LLP
         BY:  VALENTINE S. HOY
 6            ATTORNEY AT LAW
         ONE AMERICA PLAZA
 7       600 WEST BROADWAY
         27TH FLOOR
 8       SAN DIEGO, CALIFORNIA 92101-0903
         (619) 233-1155
 9       vhoy@allenmatkins.com
10
11   FOR THE DEFENDANTS:
12       FORAN GLENNON PALANDECH PONZI & RUDLOFF
         BY:  CHRISTOPHER M. SNOW
13            ATTORNEY AT LAW
         222 N. LA SALLE STREET
14       SUITE 1400
         CHICAGO, ILLINOIS 60601
15       (312) 863-5000
         csnow@fgppr.com
16
17
18
19
20
21
22
23
24
25
```

I N D E X

KEITH DANCEY                                              PAGE

　　Examination by Mr. Snow....................   5


                    E X H I B I T S

DEFENDANTS'                                              PAGE
Exhibit 48     - Month End Report...............   23
Exhibit 49     - E-Mail and Attachment..........   39
Exhibit 50     - E-Mail Chain...................   55
Exhibit 51     - E-Mail.........................   63
Exhibit 52     - 2-18-16 Schindler Report.......   65
Exhibit 53     - 4-4-16 Letter..................   68
Exhibit 54     - E-Mail.........................   72
Exhibit 55     - E-Mail.........................   76
Exhibit 56     - E-Mail.........................   95
Exhibit 57     - E-Mail.........................  100
Exhibit 58     - E-Mail.........................  107
Exhibit 59     - E-Mail.........................  111
Exhibit 60     - E-Mail.........................  115
Exhibit 61     - E-Mail.........................  123
Exhibit 62     - E-Mail.........................  169
Exhibit 63     - E-Mail.........................  174
Exhibit 64     - E-Mail.........................  180

```
 1              THURSDAY, AUGUST 27, 2020; CALIFORNIA
 2                         9:06 A.M.
 3                          --oOo--
 4
 5                       KEITH DANCEY,
 6          called as a witness, having duly stated
 7          under penalty of perjury, was examined and
 8          testified as follows:
 9
10                         EXAMINATION
11
12  BY MR. SNOW:
13      Q.   Good morning, Mr. Dancey.  My name is Chris
14  Snow.  I'm the attorney for Allianz in this litigation.
15           We're conducting this deposition remotely via
16  Zoom due to the ongoing COVID 19 pandemic.
17           Would you please tell us where you're
18  physically located today.
19      A.   I'm in Los Angeles.
20      Q.   California?
21      A.   Yes, sir.
22      Q.   Okay.  And do you understand that you gave an
23  oath to tell the truth during this deposition just as if
24  you were in a court of law?
25      A.   Yes, I do.
```

Veritext Legal Solutions
866 299-5127

```
 1   the construction schedules that were sent to the owner
 2   every month?
 3        A.    That would be the appropriate place to look.
 4   Yes.
 5        Q.    Would you look anywhere else for that
 6   information?
 7        A.    For the critical path of the job?
 8        Q.    Correct.
 9        A.    No.
10        Q.    All right.  If you look at the next page, the
11   section for impact of incident on TCO dates.
12        A.    Okay.
13        Q.    Why does your delay narrative measure the
14   impact of the incident on TCO dates?
15        A.    I believe because that's what's referred to
16   in the schedule.  Schedule is referencing TCO dates, not
17   actual milestone dates.
18        Q.    Now, the chart here on this page, the
19   left-hand column refers to milestone numbers.
20              Do you see that?
21        A.    Yes, milestones on the contract.  Yes.
22        Q.    Okay.  And is it your understanding that the
23   milestones from the construction contract are the same
24   thing as the TCO numbers in the construction schedules?
25        A.    They are by definition two different things.
```

Veritext Legal Solutions
866 299-5127

1 A milestone -- Milestone 2, 3, and 4 is different than
2 TCO 2, 3, and 4, by definition.
3     Q. Why didn't Swinerton's construction schedules
4 refer to contract Milestones 1 through 4?
5     MR. HOY: I object. Misstates earlier testimony.
6     But you can answer.
7     THE WITNESS: Okay. As I mentioned before, I
8 didn't -- I didn't create the original baseline or
9 proposal schedule for this job that included the TCOs.
10 So I'm not sure of the thinking back then as to why they
11 used TCO versus milestone references.
12     Q. (BY MR. SNOW) All right. And the analysis
13 here, the conclusion and summary section, the first
14 sentence states, after this major incident and the
15 actions taken by Swinerton, the overall net impact to
16 the delivery of TCOs was drastically reduced from six
17 months to just 44 days (just over a month).
18     Did I read that correctly?
19     A. I agree.
20     Q. All right. And is it possible for Swinerton
21 to do any analysis on its construction schedules to
22 determine the overall net impact to the delivery of
23 contractural milestones?
24     A. Is it possible to do it? Yes. It would be
25 possible.

```
 1        Q.   Why didn't Swinerton do that for purposes of
 2   this delay narrative?
 3        A.   Because we were trying to compare apples to
 4   apples.  The original update schedules spoke about TCOs,
 5   and we were relating the actual receipt of those TCOs to
 6   those original anticipated dates.
 7        Q.   And do you know if the loss event caused any
 8   delay to the achievement of Milestone Number 4?
 9        A.   Yes.  I believe that the loss event impacted
10   achieving completion of Milestone Number 4.  Yes.
11        Q.   And when was Milestone Number 4 in the
12   construction contract achieved?
13        A.   I couldn't tell you.
14        Q.   Why not?
15        A.   As I stated before, the -- the milestones in
16   the contract are defined as move-in ready units.  And
17   the move-in ready units were tracked on a unit delivery
18   matrix that were delivered all different times.
19             So when you look at Floors 32 through 40,
20   which were the floors associated with Milestone
21   Number 4, there are many different dates associated with
22   the units on those floors.
23        Q.   For warranty purposes, does substantial
24   completion of the entire project begin on a specific
25   date?
```

```
1                    REPORTER'S CERTIFICATE
2

3    STATE OF CALIFORNIA         )
                                 )  SS.
4    COUNTY OF SAN BERNARDINO    )

5

6              I, AMY P. SMITH, a certified shorthand
7    reporter for the State of California, do hereby certify:
8              That prior to being examined, the witness
9    named in the foregoing deposition was sworn by me to
10   testify to the truth, the whole truth, and nothing but
11   the truth;
12             That the said deposition was taken down by me
13   in stenotype at the time and place therein stated and
14   thereafter reduced to typewriting under my direction and
15   that the deposition transcript is a true and correct
16   record of the proceedings here held.
17             I further certify that I am not of counsel or
18   attorney for any of the parties hereto or in any way
19   interested in the event of this cause and that I am not
20   related to any of the parties thereto.
21             Dated this 16 day of September, 2020.
22                    [signature: Amy P. Smith]
23
24                    AMY P. SMITH
                      Certified Shorthand Reporter
25                    License No. 12154
```